# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AFSHIN BAHRAMPOUR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY COMMISSIONERS, et al.,<br><br>　　　　Defendants. | Case No. 2:13-cv-01271-MMD-CWH<br><br>**ORDER & REPORT AND**<br>**RECOMMENDATION** |

This matter is before the court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1), filed July 18, 2013; Plaintiff's Motion to Merge Cases (#4), filed August 28, 2013; Plaintiff's Motion to Amend Complaint (#5), filed August 28, 2013; and Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#6), filed September 3, 2013.

**1. Plaintiff's Applications for Leave to Proceed *In Forma Pauperis***

Plaintiff is requesting authority, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis*. The Applications (#1) and (#6) were referred to the undersigned pursuant to Local Rule IB 1-9. The Applications contain significant differences. In making its determination, the Court will consider the most recently filed Application (#6) as it contains the most recent information. The initial application will be denied as moot based on the filing of the second, more recent application. Based on this application, it appears Plaintiff is able to pay the filing fee of $400.00.

The court may authorize the commencement of an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Plaintiff submitted the affidavit required by § 1915(a) and reported take-home pay of $15,000.00 a month along with approximately $1,000.00 a month from her employment as a promoter and independent contractor. She lists only $1,000.00 in regular monthly expenses. Based on the information provided, it appears Plaintiff has sufficient income to pay the filing fee. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she

received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt)).

Plaintiff's listed income and assets far exceed listed expenses and liabilities. Accordingly, the Court finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and is able to pay the costs of commencing this action. Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.

**2. Plaintiff's Motion to Merge**

Plaintiff requests that the Court merge this case with another case filed by Plaintiff. That case, *Bahrampour v. City of Las Vegas, et al.*, 2:13-cv-00955-APG-NJK, is closed. Plaintiff's effort to proceed *in forma pauperis* was denied for failure to submit a completed application to proceed *in forma pauperis*. *See* Order (#10) (adopting Report and Recommendation (#4) and dismissing the claims without prejudice). Consequently, Plaintiff's request to merge is not well-taken and will be denied.

**3. Plaintiff's Motion to Amend**

Plaintiff has also filed a motion to amend (#5) seeking an amendment to the originally filed complaint. The motion will be denied because it does not comply with the Local Rules. *See* Local

Rule 15-1(a) ("Unless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading."). The denial is without prejudice.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Merge Cases (#4) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (#5) is **denied without prejudice**.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#6) be **DENIED**. Plaintiff should be required to pay the filing fee of $400.00 within thirty days from the date that an Order denying Plaintiff's Application is entered. Failure to comply with that Order will result in a recommendation that this case be dismissed.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: October 1, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge